# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JASON TOLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 10 C 7228 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Jason Tolen's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Tolen's Section 2255 motion. Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## FACTUAL BACKGROUND

On June 17, 2008, a federal grand jury returned an indictment charging Tolen with a single count of murder in the second degree in violation of 18 U.S.C. § 1111(a), (b). The Court conducted a two-day jury trial starting on January 22, 2009. Trial evidence established that while Tolen was an inmate at the Metropolitan Correction Center ("MCC") in Chicago, Illinois, he beat another inmate, Jason Katz, to death during a prerelease class that the two men were attending at the MCC's chapel on March 11, 2008. According to the testimony of Senior Officer Specialist Eric Earwin, earlier that morning inmates directed the insult "snitch bitch" toward Tolen. Prior to and during the class, other inmates teased Tolen about "snitching" to MCC guards about another inmate's access to laundry items. Katz called Tolen a "snitch bitch" and a

"snitch ass bitch." Tolen responded to Katz's comments by standing up in the middle of the class, turning toward Katz, and daring him to repeat the words. Tolen specifically stated: "Say it in my face, bitch," and, "I'll f— you up." Katz did not rise from his chair in response to Tolen's words. Instead, Katz told Tolen that he did not want to fight and that it was not worth "going to the hole." The teacher of the class, Dr. Daniel Greenstein, a clinical psychologist, ordered Tolen to sit down, but Tolen failed to do so. Tolen then walked across the classroom to where Katz was seated and proceeded to punch Katz in the head approximately 20 times – "pummeling" him, according to Dr. Greenstein. Meanwhile, Katz never threw a punch at Tolen, but sat in his chair rising only to escape from Tolen before collapsing outside of the chapel. MCC guards responded immediately and Katz received CPR and medical attention onsite before being transferred to Cook County Hospital where he was pronounced dead the following morning.

Trial evidence also established that the force of Tolen's hits caused multiple blunt force traumas to Katz's brain that ultimately led to massive hemorrhaging. The medical examiner who performed Katz's autopsy testified that Katz suffered a subarachnoid hemorrhage and intraventricular hemorrhaging caused by the displacement of the artery that fed blood to Katz's brain. The examiner concluded that Katz's death was caused by massive blunt force trauma to his head and neck. In determining the cause of death, the medical examiner reviewed the MCC surveillance video taken during the class in slow motion at which time she observed Tolen throw between 15 and 20 punches at Katz.

Immediately after the incident, Tolen was removed from the class and placed in segregation. He told the correctional officer who removed him that he knocked Katz "out cold"

and that Katz "should have stopped calling me a bitch." That evening, Tolen received medical treatment at the MCC for his right hand. When asked what caused his injury, Tolen replied, "I assaulted Inmate Katz." Later that evening, Special Agent Dennaris Coleman of the Federal Bureau of Investigation interviewed Tolen. During the interview, Tolen provided a written confession in which he admitted to threatening Katz, crossing the room to get to him, and striking Katz with his fists six times.

At trial, Tolen testified that he hit Katz in response to being called a "bitch," but denied that he intended to hurt Katz. Tolen insisted that he only intended to fight to make Katz shut up. Tolen denied killing Katz and claimed that there was an unofficial prison culture that required him to react violently to Katz's words. According to Tolen, if he had not assaulted Katz: "I would have been picked on. People would have took my commissary. It would have been hell for the last – my last few days in the building."

## PROCEDURAL BACKGROUND

On January 22, 2009, a jury acquitted Tolen of murder in the second degree, but convicted him of the lesser-included offense of voluntary manslaughter. On May 27, 2009, the Court sentenced Tolen to serve a term of 180 months' imprisonment, which was within the sentencing guideline range. Tolen then appealed his conviction to the United States Court of Appeals for the Seventh Circuit on two grounds: (1) the Court abused its discretion in declining to instruct the jury as to the additional lesser-included offense of involuntary manslaughter; and (2) the Court erred by imposing a two-level enhancement for obstruction of justice based upon Tolen's testimony that he did not intend to hurt Katz. On March 26, 2010, the Seventh Circuit affirmed the Court's judgment on both issues. *See United States v. Tolen,* 372 Fed.Appx. 658,

661, 2010 WL 1169941 (7th Cir. 2010). On November 9, 2010, Tolen filed this timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted). As such, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. *See Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009); *Torzala,* 545 F.3d at 522. Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

Construing Tolen's pro se Section 2255 motion liberally, *McGee v. Bartow,* 593 F.3d

4

556, 566-67 (7th Cir. 2010), he brings the following claims: (1) his appellate counsel was constitutionally ineffective for failing to appeal the Court's ruling allowing the government to cross-examine him concerning false representations made to the police following his 2007 arrest; (2) both trial and appellate counsel were constitutionally ineffective for failing to argue that Tolen's conduct did not cause Katz's death, thus allowing for the lesser-included offense jury instruction of involuntary manslaughter; (3) the Court's restitution order to the victim's family under the Mandatory Victim's Restitution Act ("MVRA") amounted to cruel and unusual punishment in violation of the Eighth Amendment; (4) trial counsel was constitutionally ineffective for admitting that Tolen was responsible for Katz's death; (5) he is entitled to a one-point reduction for his criminal history score under the United States Sentencing Guideline § 4A1.1; and (6) trial counsel was constitutionally ineffective for failing to object to the government's questions during his cross-examination.

Tolen procedurally defaulted his third and fifth claims because he failed to raise these arguments on appeal to the Seventh Circuit. *See Torzala,* 545 F.3d at 521. Nevertheless, "[b]ecause the government did not assert procedural default as a defense in this action but instead chose to respond on the merits, [] the government has waived the procedural default." *Id.; see also Welch v. United States,* 604 F.3d 408, 413 (7th Cir. 2010) (government "waived any procedural default argument by failing to address the issue in its brief"). Therefore, the Court will address all of Tolen's Section 2255 claims on the merits.

**I. Ineffective Assistance of Counsel**

    **A. Trial Counsel**

Tolen maintains that his trial counsel provided constitutionally ineffective assistance of

5

counsel in violation of the Sixth Amendment to the United States Constitution. To establish constitutionally ineffective assistance of counsel, Tolen must show that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Tolen fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ...."); *see also United States v. Taylor,* 569 F.3d 742, 748 (7th Cir. 2009) ("Courts may deny ineffective assistance of counsel claims for lack of prejudice without ever considering the question of counsel's actual performance.").

Here, Tolen argues that his trial counsel was constitutionally ineffective for failing to argue that Tolen's punching Katz did not cause Katz's death, thus allowing for the lesser-included offense jury instruction of involuntary manslaughter. Also, Tolen contends that his trial counsel was constitutionally ineffective because counsel admitted that Tolen was responsible for Katz's death. Tolen's arguments fail because the government presented overwhelming evidence that Tolen's conduct caused Katz's substantial bodily injury, including the medical examiner's report, video footage of the beating, Dr. Greenstein's testimony based on his first-hand observations, and Tolen's admissions.

In particular, Dr. Greenstein testified that Tolen punched Katz in the head approximately 20 times – stating that Tolen repeatedly "pummeled" Katz about the face, neck, and head. In addition, the medical examiner concluded that Katz's death was caused by massive blunt force

6

trauma to his head and neck and in determining the cause of death, the examiner reviewed the MCC surveillance video, which showed Tolen punching Katz approximately 15 and 20 times. Tolen, himself, admitted that he punched Katz at least six times and told a correctional officer that he knocked Katz "out cold." Also, when receiving medical treatment after the incident, Tolen admitted that he had assaulted Katz.

Based on this trial evidence, trial counsel's performance did not fall below an objective standard of reasonableness because there was no factual basis to argue that Tolen's actions did not cause Katz's death. *See Strickland*, 466 U.S. at 688; *Brown v. Finnan,* 598 F.3d 416, 422 (7th Cir. 2010). In fact, viewing the entire course of the defense, trial counsel's performance was excellent, especially because counsel persuaded the jury to acquit Tolen of murder in the second degree. Meanwhile, viewing the evidence in its totality, the government presented overwhelming evidence of Tolen's guilt for voluntary manslaughter, and thus Tolen cannot establish that he was prejudiced by counsel's failure to argue that Tolen did not cause Katz's death or counsel's admission that Tolen's conduct caused Katz's death. *See Brown,* 598 F.3d at 422; *Whitman v. Bartow*, 434 F.3d 968, 972 (7th Cir. 2006).

Tolen also argues that his trial counsel was constitutionally ineffective for failing to object to the government's questions during his cross-examination. Tolen specifically asserts that the government argued and badgered him until it tricked him into giving a conflicting answer that the Court subsequently used to enhance his sentence. To clarify, Tolen testified on cross-examination that he did not intend to harm Katz. Tolen, however, made similar statements throughout his direct examination and the Court based its sentencing decision on Tolen repeatedly stating that he did not intend to hurt Katz. Therefore, counsel's failure to object to the

government's cross-examination was not objectively unreasonable under the circumstances. *See Strickland,* 466 U.S. at 688. Also, as discussed, the government presented overwhelming evidence of Tolen's guilt. As such, Tolen cannot establish that trial counsel's failure to object to the government's cross-examination prejudiced him. *See Whitman*, 434 F.3d at 972; *see also Valenzuela v. United States,* 261 F.3d 694, 699 (7th Cir. 2001).

B.     **Appellate Counsel**

Tolen further argues that his appellate counsel provided constitutionally ineffective assistance of counsel. As with ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in *Strickland* to evaluate the effectiveness of appellate counsel. *See Suggs v. United States,* 513 F.3d 675, 678 (7th Cir. 2008). Under the *Strickland* performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is obvious and clearly stronger than the claims counsel raised on appeal. *See id.*; *see also Johnson v. Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010). To establish the *Strickland* prejudice prong under the circumstances, Tolen must show that "there is a reasonable probability that the issue his appellate attorney failed to raise would have altered the outcome of the appeal, had it been raised." *Brown,* 598 F.3d at 425; *see also Suggs,* 513 F.3d at 678.

Tolen specifically argues that his appellate counsel was constitutionally ineffective for failing to argue that Tolen's conduct did not cause Katz's death, thus allowing for the lesser-included offense jury instruction of involuntary manslaughter. As discussed above, appellate counsel's performance did not fall below an objective standard of reasonableness when he failed to raise this argument because there was no evidence in the record that would support any such claim. *See Strickland,* 466 U.S. at 688. Moreover, appellate counsel was not required to raise a

8

baseless claim on appeal to sufficiently perform his duties under the Sixth Amendment. *See Whitehead v. Cowan,* 263 F.3d 708, 731 (7th Cir. 2001) ("Appellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals.") (citation omitted); *see also Martin v. Evans,* 384 F.3d 848, 852 (7th Cir. 2004) ("counsel is not required to raise every non-frivolous issue on appeal"). Therefore, Tolen cannot establish the performance prong of the *Strickland* standard as to this argument. *See Johnson,* 624 F.3d at 793.

Next, Tolen asserts that his appellate counsel was ineffective for failing to appeal the Court's ruling that allowed the government to cross-examine him concerning false representations that he made to the police following his 2007 arrest pursuant to Federal Rule of Evidence 608. To clarify, following his 2007 arrest, Tolen told the police that he knew nothing about a stolen gun despite the fact that he had stolen it himself and had kept it in his possession. The Court ruled that the government could impeach Tolen with this evidence pursuant to Rule 608, which permits cross-examination of specific instances of conduct that are probative of a witness' truthfulness. *See United States v. Barnhart,* 599 F.3d 737, 747 (7th Cir. 2010). Moreover, the government's inquiry into Tolen's theft of the firearm was admissible evidence pursuant to Rule 609(a)(1). *See id.*; *see also United States v. Jackson,* 546 F.3d 801, 819 (7th Cir. 2008).

Appellate counsel's performance was not constitutionally deficient for failing to appeal the Court's discretionary evidentiary ruling because this argument is considerably weaker than the arguments counsel did raise on appeal, namely, the Court abused its discretion in declining to instruct the jury as to the additional lesser-included offense of involuntary manslaughter, and the Court erred by imposing a two-level enhancement for obstruction of justice. *See Johnson,* 624

9

F.3d at 793. Moreover, appellate counsel was one of Tolen's trial attorneys and was intimately familiar with Tolen's case and counsel's decision not to appeal the weaker argument concerning the impeachment testimony was sound strategy under the circumstances. As the Supreme Court teaches, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes,* 463 U.S. 745, 751-52, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Accordingly, Tolen has failed to establish the *Strickland* performance prong as to this argument.

## II.     Mandatory Victim's Restitution Act

In his third Section 2255 claim, Tolen argues that the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A, is unconstitutional because the imposition of restitution without the ability to pay constitutes cruel and unusual punishment under the Eighth Amendment. The MVRA "provides that when sentencing a defendant convicted of a certain offense, 'the court shall order ... that the defendant make restitution to the victim of the offense.'" *United States v. Panice* 598 F.3d 426, 439 (7th Cir. 2010) (quoting 18 U.S.C. § 3663A(a)(1)). The Seventh Circuit has repeatedly held that restitution under the MVRA is not punishment, but is instead a civil remedy. *United States v. Sawyer,* 521 F.3d 792, 797 (7th Cir. 2008); *see also United States v. Flaschberger,* 408 F.3d 941, 943 (7th Cir. 2005). As the Seventh Circuit specifically explains, the MVRA "seeks to engraft a civil remedy onto a criminal statute, giving the victim of the crime the recovery to which he would have been entitled in a civil suit against the criminal and thus merely providing a procedural shortcut rather than imposing a heavier criminal punishment." *United States v. Martin,* 195 F.3d 961, 968 (7th Cir.

1999). Because restitution under the MVRA is not punishment in the first instance, Tolen's Eighth Amendment claim fails. *See United States v. Bonner,* 522 F.3d 804, 807 (7th Cir. 2008) ("Restitution under the MVRA is not a criminal punishment").

### III. United States Sentencing Guideline § 4A1.1

In his fifth Section 2255 claim, Tolen argues that he is entitled to a one-point sentencing reduction based on the 2010 Amendment to U.S.S.G. 4A1.1, Criminal History Category. In general, challenges to the Sentencing Guidelines are not cognizable on a Section 2255 motion. *See Welch v. United States,* 604 F.3d 408, 412 (7th Cir. 2010); *Buggs v. United States,* 153 F.3d 439, 443 (7th Cir. 1998). The Court will nevertheless address Tolen's argument for the sake of completeness.

Tolen's argument based on the 2010 Amendment to U.S.S.G. § 4A1.1 fails because the Court sentenced him on May 27, 2009 prior to when the 2010 Amendment became effective on November 1, 2010, and pursuant to title 18, Section 3553(a)(4), district courts must use the sentencing guidelines in effect on the date of a defendant's sentencing. *See United States v. Baretz,* 411 F.3d 867, 874 (7th Cir. 2005) ("Sentencing courts must apply the guidelines in effect on the date the defendant is sentenced"). Moreover, defendants who have already been sentenced are not entitled to relief under a new guideline amendment unless the Sentencing Commission expressly lists the new amendment as retroactive in U.S.S.G. § 1B1.10(c). *See, e.g., United States v. Hall,* 582 F.3d 816, 817 (7th Cir. 2009). Pursuant to Section 1B1.10(c), the Sentencing Commission did not make the 2010 Amendment to U.S.S.G. § 4A1.1, also known as

Amendment 742, retroactive.[1]  Therefore, Tolen's Sentencing Guideline claim is without merit.

## IV. Evidentiary Hearing

Tolen also requests an evidentiary hearing in support of his Section 2255 motion.  A district court should grant an evidentiary hearing on a Section 2255 motion when the petitioner has alleged facts that, if proven, would entitle him to relief.  *See Hutchings v. United States,* 618 F.3d 693, 699 (7th Cir. 2010); *Sandoval,* 574 F.3d at 850.  The district court, however, need not hold an evidentiary hearing if the record conclusively show that the Section 2255 petitioner is not entitled to relief.  *See Hutchings,* 618 F.3d at 699-700; *Torzala,* 545 F.3d at 525.  Here, the record conclusively establishes that Tolen's counsel provided constitutionally effective assistance of counsel and that Tolen's other Section 2255 claims have no legal merit.  Accordingly, the Court, in its discretion, denies Tolen's request for an evidentiary hearing.

## V. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Accordingly, the Court must determine whether to grant Tolen a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a Section 2255 motion; instead, he must first request a certificate of

---

[1] Section 1B1.10(c) of the United States Sentencing Guidelines states:

> Covered Amendments. – Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

appealability ("COA"). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see also* 28 U.S.C. § 2253(b). Tolen is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Under this standard, Tolen must demonstrate that reasonable jurists would find the Court's assessment of his Section 2255 claims debatable or wrong. *See Miller-El,* 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, the Court can find no reason why reasonable jurists would debate or disagree with the Court's ruling on Tolen's ineffective assistance of counsel claims, MVRA claim, and Sentencing Guideline claim. In particular, Tolen's Sentencing Guideline claim and MVRA claim have no legal merit and he has failed to establish both the *Strickland* performance and prejudice prongs of his ineffective assistance of counsel claims. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Petitioner Jason Tolen's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Further, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** January 5, 2011

**ENTERED**

*/s/ Amy J. St. Eve*
**AMY J. ST. EVE**
**United States District Court Judge**

13